# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**MATTHEW WADE HURST,**             CASE NO. 3:23 CV 227

    Plaintiff,

    v.                                JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Matthew Wade Hurst seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 13). Plaintiff filed objections to the R&R (Doc. 14), and the Commissioner filed a response thereto (Doc. 16). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in September 2020, alleging a disability onset date of January 1, 2015. *See* Tr. 15. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on April 12, 2022, finding Plaintiff not disabled. (Tr. 15-26). This appeal ultimately followed. (Doc. 1).

Plaintiff originally raised two arguments regarding the ALJ's decision:

1. The ALJ's RFC was not supported by substantial evidence as the ALJ erred when she failed to find persuasive the opinion of the treating source and incorporate the stated limitations into her RFC.

2. The ALJ committed harmful error when she failed to properly apply the criteria of Social Security Ruling 16-3p and failed to find that the intensity, persistence and limiting effects of Plaintiff's symptoms, including pain, precluded him from engaging in substantial gainful activity on a full-time and sustained basis.

(Doc. 8, at 1).

In her R&R, Judge Armstrong concluded neither assignment of error had merit. She found the ALJ's evaluation of Dr. Phillips' opinion adequately addressed both the supportability and consistency of the opinion and that determination was supported by substantial evidence. (Doc. 13, at 15-21). She further found the ALJ properly applied Social Security Ruling SSR 16-3. *Id.* at 21-24. She recommends the Court affirm the Commissioner's decision. *See id*.

### STANDARD OF REVIEW

Under the relevant statute:

Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

2

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

Plaintiff raises a single multi-part objection to the R&R. He contends the R&R's finding that the ALJ properly evaluated Dr. Phillips' opinion "is factually and legally incorrect." (Doc. 14, at 2). On review, the Court disagrees.

First, citing *Richards v. Commissioner of Social Security*, 2014 WL 4421571, at *10 (N.D. Ohio), he contends "[a] reviewing court may consider whether the ALJ's opinion taken as a whole evaluated the medi[c]al evidence with sufficient rigor to indirectly attack a treating source opinion and thereby satisfy the tenor of the treating source regulation." (Doc. 14, at 2). In *Richards*, the court explained:

> Following close and careful review, the Court finds the ALJ indirectly attacked these opinions through his treatment of the record (which largely included evidence from the relevant time period), the additional opinion evidence of record, and Plaintiff's credibility. Therefore, the goals of the treating physician rule have been satisfied. *See, Daily v. Colvin,* 2014 U.S. Dist. LEXIS 82267, at * 19 (N.D.Ohio) (the Court may consider whether the ALJ's opinion taken as a whole, "thoroughly evaluates the evidence and indicates the weight the ALJ gave it") (citing *Nelson v. Comm'r of Soc. Sec.,* 195 F. App'x 462, 470–71 (6th Cir.2006)).

2014 WL 4421571, at *10. But *Richards* addresses, and Plaintiff's argument appears to rely upon, the "treating physician rule", which was eliminated by a change in Social Security regulations that applies to all claims filed after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017); see also 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017) (amending and correcting the final rules

---

1. Neither party objects to Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

3

published at 82 Fed. Reg. 5844-01). Indeed, the regulations no longer use the term "treating source," and instead use the phrase "your medical source(s)." 20 C.F.R. § 416.920c. Moreover, the change is not merely semantic, as the regulation explicitly states that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from your medical sources." *Id*. The Court therefore finds Plaintiff's citation to *Richards* does not demonstrate any error in the R&R.

Next, Plaintiff contends the ALJ incorrectly "stated that Plaintiff did not argue that the ALJ failed to consider the factors of supportability and consistency." (Doc. 14, at 2). He contends this is incorrect because he argued, in both his initial and reply brief, that "the opinion of Dr. Phillips was both supported by and consistent with the remainder of the record." *Id.* But Plaintiff left off the last two words of the sentence he objects to in the R&R; it says: "Mr. Hurst does not argue that the ALJ failed to address the supportability or consistency elements *at all*." (Doc. 13, at 19) (emphasis added). The Magistrate Judge simply stated that Plaintiff did not argue ALJ failed entirely to consider the required factors, but attacked the accuracy/supportability of that analysis. Indeed, the next sentence in the R&R is: "Instead, Mr. Hurst argues that the ALJ's decision is not supported by substantial evidence because other evidence in the record, including the opinions of Dr. Tonks and Dr. Lakin, were allegedly consistent with Dr. Phillips' opinion and would support a more restrictive RFC." *Id.* This is an accurate characterization of Plaintiff's argument. *See* Doc. 8, at 10 ("According to the ALJ, she was not persuaded by this opinion as the opinion was generally inconsistent with and unsupported by the record as a whole . . . These findings/conclusion were in error and were not supported by substantial evidence."). Plaintiff's objection in this regard is overruled.

Next, Plaintiff objects to the R&R's reliance on *Golden v. Berryhill*, 2018 WL 7079506, at *13, *report and recommendation adopted*, 2019 WL 415250 (N.D. Ohio), to support its conclusion that the ALJ adequately addressed the factors required by the regulations. (Doc. 14, at 2-3). He contends that in *Golden*, the ALJ "cited to the record in support of the finding that the opinion was not supported", whereas here, the ALJ "failed to support her conclusions with any specific references to the record." (Doc. 14, at 3). The R&R cited *Golden* (among other cases) for the proposition that "Courts have held that an ALJ properly addresses the supportability of a medical opinion where the ALJ notes that the physician does not provide medical support for his or her opinions." (Doc. 13, at 17) (citing *Golden*, with an explanatory parenthetical stating, "holding that ALJ properly addressed supportability factor by noting that physician did not provide any support for his opinions and that opinions were inconsistent with physician's own treatment notes.").

Here, the ALJ's opinion stated, with respect to supportability, "Dr. Phillips does not provide any substantive support for his opinions. There is also no explanation for the use of an assistive device and the evidence, for the reasons noted above, does not support the need for such a device." (Tr. 23). As accurately noted by the R&R, the "supportability" factor in evaluating medical opinions addresses the support a physician provides for his or her own opinion. *See* 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). The Court finds no error in the R&R's consideration and citation of *Golden* for the proposition cited. In both *Golden* and the instant case, the ALJ properly considered – in assessing an opinion's supportability – the fact that the physician did not provide supporting

5

explanations for the restrictions offered.[2] There was nothing to specifically cite because the ALJ was relying upon a *lack* of supporting explanation.

Further, Plaintiff argues "the conclusions of Dr. Phillips regarding Plaintiff's limitations were consistent with remainder of the evidence" and that contrary to the R&R's conclusion, "the ALJ failed to support her finding that the opinion of Dr. Phillips' was not supported and consistent with the remainder of the evidence in the record." (Doc. 14, at 3). This objection appears to do nothing more than restate an argument previously presented to the Magistrate Judge and express general disagreement with the Magistrate Judge's conclusion; it does not constitute an objection meriting *de novo* review. *See United States v. Price*, 2023 WL 8370411, at *4 (E.D. Tenn.) ("Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue."); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Moreover, as the R&R thoroughly and correctly explained, the Court's review is limited to whether the ALJ's determination is supported by substantial evidence. *See* Doc. 13, at 12-13. If it is, the Court must affirm, even if substantial evidence might also support a different conclusion. *See Cutlip v. Comm'r of Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994); *Jones v.*

---

2. Perhaps Plaintiff is referring to the *Golden* court's description of how the ALJ in that case: "cited directly to the record, noting specifically where [the physician's] opinion was inconsistent with the treatment notes." 2018 WL 7079506, at *13. But this discussion was in the context of analyzing the *consistency* factor, and the R&R only specifically relied on *Golden* for its similarities as to *supportability*. And courts have long recognized that ALJ decision must be read as a whole, and an ALJ need not repeat similar factual findings in various parts of the decision. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (noting that the ALJ's entire decision must be considered).

*Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). At core, Plaintiff's argument about consistency asks this Court to reweigh the evidence and reach a different conclusion. This the Court cannot do. *See Haun v. Comm'r of Soc. Sec.*, 107 F. App'x 462, 465 (6th Cir. 2004) ("We may not reweigh conflicting evidence on appeal, but instead must affirm [the ALJ's] decision because substantial evidence supports it."). The Court agrees with the R&R's analysis finding the ALJ's determination about Dr. Phillips' opinion supported by substantial evidence.

Finally, Plaintiff argues that failing to adopt and include the opined limitations was harmful and reversible error because a vocational expert testified that an individual with Dr. Phillips' opined restrictions could not maintain employment. (Doc. 14, at 3). But the ALJ is only required to adopt in the RFC those restrictions she finds credible and supported by the record, *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). Because – as the R&R comprehensively explains – the ALJ's decision to discount Dr. Phillips' opined restrictions was supported by substantial evidence, she was not required to include them in the RFC and there is no error.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 13) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                        s/ *James R. Knepp II*
                                        UNITED STATES DISTRICT JUDGE